IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TABERON DAVE HONIE,<br><br>                         Petitioner,<br>v.<br><br>SCOTT CROWTHER, Warden, Utah State Prison,<br><br>                         Respondent. | RULING REGARDING PROCEDURAL STATUS OF CLAIMS IN MR. HONIE'S PETITION FOR WRIT OF HABEAS CORPUS<br><br>Case No. 2:07-CV-628 JAR<br><br>Judge Julie A. Robinson |

The court has before it Mr. Honie's Petition for Writ of Habeas Corpus (Dkt 47), the State's Response to the Petition (Dkt. 70), and Mr. Honie's Reply brief (Dkt. 77), as well as the State's Surreply Opposing Honie's Petition (Dkt. 94), and Mr. Honie's Response to Surreply (Dkt. 97). Pursuant to the case management order in Mr. Honie's case, "Once the parties have filed their responsive pleadings to the Petition for Writ of Habeas Corpus, the Court shall issue a ruling addressing the procedural status of the claims within Mr. Honie's Petition for Writ of Habeas Corpus." (Dkt. 54 and 55, ¶ 5)  Given that federal courts may only consider habeas claims that are exhausted at the state level, the court agrees that addressing the procedural posture of the claims for which exhaustion is contested by the state is the most efficient way to proceed with Mr. Honie's case.

The court has carefully considered the arguments advanced by Mr. Honie and the State regarding the exhaustion status of the claims in Mr. Honie's Petition for Writ of Habeas Corpus and all of the responsive pleadings. The court has also considered the record and the relevant Utah State Supreme Court decisions about Mr. Honie's case. We find that eight of the claims (claims 1, 2, 3, 4, 5, 6, 7, and 12) were denied on the merits by the Utah Supreme Court, and are therefore exhausted

and properly before this court.  The remaining claims (claims 8, 9, 10, 11, and 13) are not exhausted, because they were not reviewed by the *highest* state court.

A state prisoner who puts a habeas corpus petition in front of a federal court must have exhausted his state court remedies.[1]  "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."[2]  "Only if the state courts have had the fair opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies."[3]  The measure of this "fair opportunity" is whether "the substance of the federal habeas corpus claim" was first presented to the state court, and whether the state court had the chance to apply controlling legal principles to the facts before it.[4]

The State says in a footnote that it "mostly agrees" that claims one through six are exhausted, but notes that "parts of claims one, two, three, and six, however, are not." (Dkt. 87 at 5, footnote 1) The State provides little argument or analysis to support this statement, stating simply that it is not enough for Honie to have raised a claim in the state courts that bears the same label as a claim raised here; he must also exhaust the particular arguments in support of each claim.[5]  The State alleges that some of the factual support that Mr. Honie relies on in support of claims one, two, and three amount to separate claims that are unexhausted and procedurally barred from federal review.  The court finds this unpersuasive.  Mr. Honie relies on these factual examples of counsel's failures, along with other facts, to support his argument that trial counsel was ineffective. The Tenth Circuit, in *Fisher v. Gibson,* found that additional examples of error by counsel in support of a claim of ineffective

---

[1] 28 U.S.C. § 2254(b)(1)(A).

[2] *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

[3] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[4] *See id.* at 277-78.

[5] *Smallwood v. Gibson,* 191 F.3d 1257, 1267 (10th Cir. 1999) (holding that arguments made in a federal habeas petition in support of an ineffective assistance claim were unexhausted because they differed from those made in state court in support of the ineffective assistance claim).

assistance of counsel do not constitute distinct grounds for relief but rather support the existing grounds for relief.[6]  The court finds this to be the case here with regards to claims one, two, and three; therefore, those claims are exhausted.

With regards to claim six, the State asserts that one of seven subsections identifying examples of trial court error (claim six A.2, regarding victim-impact evidence) was not presented to the state court, and therefore, this court is prohibited from granting relief on the claim at all.  Once again the State provides little argument or analysis in support of this assertion.  And once again, the court finds that Mr. Honie is using this example of trial court error, along with many other facts, to support his argument, not as an additional unexhausted claim.  For this reason, the court finds claim six to also be exhausted.

The State's argument regarding claim twelve is that although Honie raised a failure-to-narrow claim on direct appeal, he relied on a different argument there than he does here, so he has not exhausted the argument he relies on here. (Dkt. 70 at 193)  In the *Smallwood* case, the Tenth Circuit made it clear that petitioners are not required to make identical arguments in state and federal court.[7]  Reliance on variant facts or arguments only violates the exhaustion requirement when the variance materially alters the claim.  Mr. Honie's state court appellate brief on this issue stated that "[i]n the trial court, Honie submitted a multi-faceted challenge to the Utah death penalty scheme, which the trial court denied in a memorandum" and that "[o]n appeal, Honie maintains that the entire statutory scheme is unconstitutional on the bases explained below."[8]  The brief then focused on the overlap between the felony murder subsections of the aggravated murder and non-aggravated murder statutes.  In his memorandum to the trial court, however, Mr. Honie laid out the same argument

---

[6] 282 F.3d 1283, 1292 (10th Cir. 2002)

[7] *Smallwood* at 1267.

[8] Opening Brief of Appellant, 04/11/00, at 60.

raised in the claim before this court (TR ROA 304-08). Mr. Honie incorporated his pre-trial motion and memorandum by reference in his direct appeal brief, thus exhausting it.

The court finds that Mr. Honie's remaining claims (claims 8, 9, 10, 11, and 13) are not exhausted. To exhaust each claim, Mr. Honie had to give the state court a fair opportunity to rule on it.[9] The exhaustion requirement is satisfied if the issues have been "'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'"[10] To do that, Mr. Honie had to "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'"[11] In other words, to exhaust his claims, Mr. Honie had to give the Utah Supreme Court a fair opportunity to rule on it.

Mr. Honie contends that claims eight, nine, ten, and eleven were "fairly presented" to the state court, because the claims were raised in his Amended Petition for Post-Conviction Relief.[12] That is not enough. As noted above, the exhaustion requirement is only satisfied if Mr. Honie gave the Utah Supreme Court a fair opportunity to rule on the claims. Honie bears the burden of proof that he did so, and he has not met that burden. He cites no place where he ever presented these claims to the Utah Supreme Court.

Claim 13, Mr. Honie's cumulative error claim, has not been exhausted either. Like all of his other claims, Mr. Honie had to exhaust his cumulative error claims.[13] Mr. Honie contends that his state post-conviction petition includes the following language:

---

[9] *See, e.g., Duncan v. Henry,* 513 U.S. 364, 365-66 (1995) (per curiam); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Demarest v. Price,* 130 F.3d 922, 932 (10th Cir. 1997).

[10] *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999), quoting *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

[11] *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (citation omitted).

[12] Claim 8 (Dkt. 47 at 216; PCR ROA 66), Claim 9 (Dkt. 47 at 224; PCR ROA 65-66), Claim 10 (PCR ROA 63), Claim 11 (Dkt. 47 at 234;PCR ROA 67, 69)

[13] *Gonzales v. McKune,* 279 F.3d 922 (10th Cir. 2002). *See also Nickelson v. Stephens,* 803 F.3d 748, 753-54 (5th Cir. 2015) .

> To the extent that these issues may have been litigated in the direct appeal, this Court should nonetheless consider them all again individually and cumulatively, to assess the impact of ineffective assistance of trial counsel, the cumulative effect of the errors, and to consider whether the exceptional circumstances doctrine justifies relief on any claim in this capital case.[14]

Mr. Honie argues that the cumulative error claim was, therefore, "fairly presented" to the state court. But, again, this claim was not presented to the Utah Supreme Court, so it is not exhausted.

**Conclusion**

In conclusion, the court finds that claims 1, 2, 3, 4, 5, 6, 7, and 12 were all denied on the merits by the Utah Supreme Court, and are therefore exhausted and properly before this court. Claims 8, 9, 10, 11, and 13, however, are not exhausted, because they were not reviewed by the highest state court.

In accordance with the Case Management Schedule,[15] Mr. Honie now has sixty (60) days from the date of this ruling to file a Motion to Stay and Abey the habeas petition, to allow him to exhaust his unexhausted claims in state court, if he desires to do so. If he chooses to file a Motion to Stay and Abey, the State shall file a Response within forty-five (45) days from the time of filing, and Mr. Honie shall file a Reply within thirty (30) days of that.

SO ORDERED this  20th  day of March, 2017.

BY THE COURT:

  s/ Julie A. Robinson  
Judge Julie Robinson  
United States District Judge

---

[14] PCR ROA 61

[15] Dkt. Nos. 54 and 55, ¶ 5.