IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| TABERON DAVE HONIE,<br><br>                        Petitioner,<br>v.<br><br>LARRY BENZON, Warden, Utah State Prison,<br><br>                        Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:07-CV-628 JAR<br><br>Judge Julie A. Robinson |
|---|---|

      Respondent, Larry Benzon, has moved the court to amend the current case management schedule (ECF No. 54, 55) by eliminating the time for motions for discovery, expansion of the record, and an evidentiary hearing. Respondent argues that the briefing on Honie's federal habeas petition is complete, and the only remaining claims for this court to address are exhausted. Because the Supreme Court in *Cullen v. Pinholster,* 563 U.S. 170, 181-85 (2011), held that review of exhausted claims must be limited to the state court record, Respondent argues that Honie is barred from developing new evidence in this court. Mr. Honie, on the other hand, argues that the case management schedule should not be amended because Respondent waived the chance to do so by stipulating to the case management order in 2015. Honie also asserts that he is entitled to develop further evidence in support of his claims for the following reasons: (1) *Pinholster* does not prevent the development of evidence in federal court in support of habeas claims in all circumstances, (2) the state post-conviction court refused to provide him with funding to pursue his ineffective assistance claim, and (3) this court may consider the prejudice element of his ineffective assistance claim de novo. For the following reasons, the court grants Respondent's motion to amend.

## I. PROCEDURAL BACKGROUND

In 2015, Honie filed a petition for federal habeas relief, raising 14 claims for relief. ECF No. 47. Concurrent with the petition, he filed a motion to expand the record with 32 exhibits not considered by the State court. ECF No. 48. The parties then stipulated to a case management schedule. ECF No. 54, 55. Respondent opposed Honie's petition and his record-expansion motion. ECF No. 70, 72. Honie later filed a second motion to expand the record with 7 additional exhibits, which Respondent opposed. ECF No. 75, 87. After briefing on the petition and expansion motions concluded, this court denied without prejudice the record-expansion motions. ECF No. 105. The court also ruled on the procedural status of the claims in Honie's petition, finding that claims 1, 2, 3, 4, 5, 6, 7, and 12 were exhausted in State court, and claims 8, 9, 10, 11, and 13 were not exhausted. ECF No. 103 at 1-2.

Honie then moved for a stay and abeyance under *Rhines v. Weber,* 544 U.S. 269 (2005), so that he could return to State court to exhaust claims 8, 9, and 11. ECF No. 107. The court denied the *Rhines* motion, concluding that claims 8, 9, and 11 were not potentially meritorious. ECF No. 120 at 1, 10-16. Honie then filed an amended petition, formally withdrawing claims 8, 9, 10, 11, 13 and 14. ECF No. 121. Respondent filed a response to additional arguments raised in the amended petition. ECF No. 122. Honie replied. ECF No. 123.

Under the current case-management schedule, Honie has over a year from the filing of his reply to file a motion for discovery and any additional motions for expansion of the record. ECF No. 54 at 3. Respondent argues that the items remaining on the case management schedule after Honie's most recent reply are unnecessary and will only delay judgment on the petition for delay's sake.

## II. ANALYSIS

### A. Respondent has not waived its argument that *Pinholster* bars evidentiary development.

Honie notes that even though *Pinholster* was decided in 2011, long before Respondent stipulated to the case management order in 2015, Respondent is only now objecting to any kind of record expansion and discovery based on *Pinholster*. Honie argues that Respondent should have raised his objections in 2015, instead of agreeing to evidentiary development in the case management schedule. Because Respondent did not do so, Honie asserts that Respondent has waived any argument that *Pinholster* bars evidentiary development in this case. The court disagrees.

When Respondent stipulated to the case management order, Honie's petition still contained unexhausted claims that were not subject to the relitigation bar. There remained the possibility that he could obtain a *Rhines* stay or pursue evidentiary development in support of a cause and prejudice argument on the unexhausted and procedurally defaulted claims. However, in 2017 the court denied Honie's request for a *Rhines* stay (ECF No. 120), and shortly thereafter Honie withdrew all of his unexhausted claims (ECF No. 121). The petition now contains only exhausted claims that this court determined were adjudicated on the merits in state court, so now is an appropriate time for Respondent to present its *Pinholster* argument.

### B. Honie's arguments misconstrue § 2254(d) and *Pinholster*

This court has ruled that all of the claims now before it "were denied on the merits by the Utah Supreme Court." ECF No. 103 at 1. Claims adjudicated on the merits in State court are subject to the relitigation bar imposed by § 2254(d). *See Harrington v. Richter,* 562 U.S. 86, 98 (2011) ("By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2).")

Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter,* 562 U.S. at 102. This is because of the "familiar" principle that federal habeas review of State convictions "frustrates both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Id.* at 103 (quotation and citation omitted). Federal habeas review "disturbs the State's significant interest in repose of concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Id.* (quotation and citation omitted).

Out of deference to State courts' decisions and consistent with the above policies, Congress and the Supreme Court have limited federal habeas review of 2254(d) claims to the record that was before the State court. According to the Supreme Court in *Pinholster,* "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 181 (2011). Any evidence not before those courts is inadmissible in this habeas proceeding. *See Ryan v. Gonzales,* 133 S.Ct. 696, 708 (2013). This rule also applies to requests for discovery and record expansion. *Linzy v. Faulk,* 602 Fed.Appx. 701, 704 n. 7(10th Cir. 2015) (unpublished) (rejected certificate of appealability to challenge denial of motion to expand the record; to the extent it "sought to place new evidence before the federal court that was not part of the state court record," it was "properly denied under *Cullen v. Pinholster"); see also Champ v. Zavaras,* 431 Fed.Appx. 641, 655 (10th Cir. 2011) (unpublished) ("Although *Cullen* dealt with new evidence that the district court admitted in the context of an evidentiary hearing, this newly articulated rule applies with equal force to any expansion of the record under Habeas Rule 7"). Because these procedures are designed to get extra-record evidence before the federal habeas court, they are subject to *Pinholster's* bar.

4

Honie argues that because the Court in *Pinholster* did not address federal litigation under § 2254(d)(2), or fact development under § 2254(e), he may still be entitled to factual development in federal court. However, the plain language of § 2254(d)(2) refutes Honie's contention that extra-record evidence can be considered against the state court's factual determinations. That section expressly states that review of the state court's factual determinations must be viewed "in light of the evidence in the State court proceeding." As a result courts have held that *Pinholster's* "logic applies even more clearly to § 2254(d)(2), which contains an explicit textual restriction to evaluate the state court ruling only 'in light of the evidence in the State court proceeding.'" *Landers v. Warden, Atty. Gen. of Ala.,* 776 F.3d 1288, 1295 (11th Cir. 2015) (observing that "every circuit court to consider this issue has held that the *Pinholster* restriction applies to § 2254(d)(2) claims, as well).

Honie also argues that the Court in *Pinholster* did not determine when and under what circumstances a federal habeas court may conduct an evidentiary hearing under § 2254(e). The Court explained that its holding did not render § 2254(e) superfluous and that "§ 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief." 563 U.S. at 185. The Tenth Circuit, however, has expressly stated that, under *Pinholster*, "even if a federal-court evidentiary hearing is not barred by § 2254(e)(2), the evidence so obtained is inadmissible in reviewing a claim adjudicated on the merits in state court." *Black v. Workman,* 682 F.3d 880, 895 (10th Cir. 2012). Under that holding, any evidence developed by Honie in an evidentiary hearing or record expansion would be inadmissible for purposes of 2254(d) review. This makes further briefing on these matters—as contemplated by the current schedule—pointless.

**C. Honie is not entitled to factual development in federal court simply because the state post-conviction court refused to provide him with funding.**

Honie argues that he is entitled to factual development in federal court because the state post-conviction court refused to provide him with funding to pursue his claim of ineffective assistance of counsel for failure adequately to investigate mitigating evidence. However, *Pinholster* does not limit its record restriction to claims developed with funding. Instead, it says that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Pinholster,* 563 U.S. at 185.

The Tenth Circuit held that the deferential review standard in 2254(d)(1) applies even when the state does not provide funds to develop the factual record in state post-conviction review. *Gardner v. Galetka,* 568 F.3d 862, 878 (10th Cir. 2009). Also, the post-conviction court denied Honie funding to develop further mitigation evidence because, even with more mitigation, he could not establish as a matter of law that trial counsel's mitigation case was deficient. *Honie v. State,* 342 P.3d 182, 202-03 (Utah 2014).

**D. This court may not consider the prejudice element of Honie's ineffective assistance claim de novo with extra-record evidence.**

Honie argues that because the Utah Supreme Court denied his ineffective assistance of counsel claim on the ground of deficient performance and did not address prejudice, this court may consider evidence not in the state court record because it considers prejudice de novo. Under *Strickland v. Washington,* however, Honie was required to prove both deficient performance *and* prejudice in order to establish ineffective assistance of counsel. 466 U.S. 668, 697 (1984). Because he had to prove both, the state post-conviction and supreme courts were permitted to dispose of the claim on lack of deficient performance alone. Honie's failure to

prove that trial counsel's mitigation case was deficient obviated the need for further funding on the prejudice element and ended the inquiry in state court. Honie is now limited to the state court record in proving whether the state court's decision violated § 2254(d). *See Harrington v. Richter,* 562 U.S. 86, 98 (2011) (requiring presumption that state court adjudicated both elements of *Strickland* "whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a 'claim,' not a component of one, has been adjudicated").

The court notes that if, based on the state court record, Honie is able to satisfy either subsection 2254(d)(1) or 2254(d)(2) he may potentially be entitled to evidentiary development. *See Pinholster,* 563 U.S. at 205 (Breyer, J., concurring in part and dissenting in part) (explaining that evidentiary development under section 2254(e) may be appropriate only after satisfying 2254(d)); Brian Means, *Federal habeas Manual* § 3:64 (2017). But to do this, he must show, based on the state court record, that the state court's ruling was either: (1) contrary to, or involved an unreasonable application of, clearly established Federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court. If Honie fails to meet one of these requirements on his exhausted state claims, his petition must be denied. Only if he satisfies one of the two subsections will he potentially be entitled to evidentiary development. This court must first make a 2254(d) determination before deciding whether to allow him to proceed with evidentiary development. A ruling that Honie has failed to overcome § 2254(d)'s limitations would entirely eliminate the possibility of further evidentiary development.

## III. CONCLUSION

For the above reasons, the court hereby GRANTS Respondent's Motion to Amend Case Management Schedule (ECF No. 124) and amends the case management schedule by eliminating items 14-22. ECF No. 54 at 3-5.  The court will now proceed to consider and rule on the petition. If the court finds that Honie has satisfied § 2254(d) as to any of his claims, the parties will be permitted to file additional motions for discovery, expansion of the record, and an evidentiary hearing.

SO ORDERED this __19th__ day of July, 2018.

BY THE COURT:

__s/ Julie A. Robinson__
Judge Julie Robinson
United States District Judge