IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| TABERON DAVE HONIE, | MEMORANDUM DECISION AND ORDER |
|---|---|
| Petitioner, | |
| v. | Case No. 2:07-CV-628 JAR |
| LARRY BENZON, Warden, Utah State Prison, | Judge Julie A. Robinson |
| Respondent. | |

Petitioner Taberon Dave Honie, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, has filed a motion to alter or amend the judgment entered on June 12, 2019. ECF No. 135. Honie asks for reconsideration of two claims in his federal petition: that trial counsel had and neglected constitutional obligations to consult with Honie, first, about the guilt-concession trial strategy (claim 1, partial); and second, about admission at the penalty phase of evidence of Honie's confession to child sex abuse (claim 4, partial). ECF No. 136 at 2, 7. Honie argues that the court's memorandum decision denying habeas relief (ECF No. 135) overlooked and therefore "committed clear error" in denying these partial claims. ECF No. 136 at 2.

## I. LEGAL STANDARD

Pursuant to Rule 59(e), the court may alter or amend a judgment it has entered if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp v. Samson Res. Corp.,* 57 F.3d

924, 948 (10th Cir. 1995)). Mr. Honie submits that relief pursuant to Rule 59(e) is appropriate here because the court committed clear error in its denial of Claims 1 and 4. A Rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id. (citing Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)).

## II. ANALYSIS

### A. Claim 1

In Claim 1 of his amended petition, Mr. Honie argued (1) that trial counsel was ineffective for failing to conduct a reasonable investigation into a viable trial defense of voluntary intoxication prior to conceding guilt to aggravated murder; and (2) that trial counsel was ineffective for failing to consult with Honie about the decision to proceed to trial on a concession of guilt theory. Honie argues that this court did not address the second aspect of this claim.

This court, however, did not overlook the second portion of claim 1. The court's memorandum decision described the claim it was reviewing as follows: "Honie asserts that trial counsel was ineffective for deciding to concede Honie's guilt early in the case, prior to investigating a viable defense of voluntary intoxication under Utah law, *and for failing to consult with Honie about his decision to proceed to trial on the concession-of-guilt theory.*" ECF No. 135 at 8 (emphasis added). This court had considered the entire claim, including the lack-of-consultation allegation, when it disposed of claim 1.

2

This court reviewed all the evidence before the Utah Supreme Court regarding Honie's level of intoxication. This court then found that the Utah court reasonably concluded that a voluntary intoxication defense would not undermine mens rea because "Honie had not pointed to any evidence," indeed "still has not proffered any evidence that he did not know that he was killing a person." ECF No. 135 at 13. This court held that without that evidence, Mr. Honie cannot overcome the strong presumption that trial counsel properly ruled out a voluntary intoxication defense. Under *Strickland's* deferential standard and its "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" (*Strickland,* at 689), Honie has not shown "beyond any possibility for fairminded disagreement" that trial counsel were deficient when they omitted a voluntary intoxication defense or that the omission undermines confidence in the outcome.

With regard to the second portion of claim 1, Mr. Honie relies on *Florida v. Nixon,* 543 U.S. 175 (2004), in arguing that trial counsel was under a duty to consult with Mr. Honie regarding his trial strategy, especially when that strategy was to expressly concede that Mr. Honie was guilty of Aggravated Murder. *Nixon,* however, stands for the opposite proposition: "When counsel informs the defendant of the strategy counsel believes to be in the defendant's best interest and the defendant is unresponsive, counsel's strategic choice is not impeded by any blanket rule demanding the defendant's explicit consent." *Id.* at 192.

Honie has failed to provide any evidence that his defense counsel proceeded forward with a concession-of-guilt theory without his explicit consent. Honie has pointed to no evidence in the State court record or in any other previous proceedings that his counsel proceeded without consulting him about the strategy on which the trial defense counsel built their case. Honie has also provided no evidence that he objected to this strategy.

Additionally, Honie has not shown that counsel decided to proceed in spite of his objections because Honie had no competing viable defenses to choose between, since the voluntary intoxication theory was not viable.

Mr. Honie argues in this motion that "the state post-conviction court found that counsel did not consult with [Mr. Honie] prior to conceding his guilt." ECF No. 141 at 5. In his petition, Honie has also argued that the district court ruled "that trial counsel's concession strategy *was not appropriate*" because it was not clear that he explained his concession strategy to Honie. ECF No. 121 at 94. But as the Respondent correctly notes, these arguments rest on a mischaracterization of the state court record. The state post-conviction court did not, as Honie implies, *find* that trial counsel deficiently failed to consult with Honie. *See* ECF No. 136 at 4 (stating that the Utah Supreme Court "ignored the post-conviction court's findings"). Rather, the state post-conviction court made no finding, instead resolving the claim on prejudice. And the Utah Supreme Court disregarded the comment because, in the absence of evidence, no finding could be made on it and counsel was strongly presumed to have complied with his constitutional obligation. And to the extent it was "unclear" what advice counsel gave Honie, it was only unclear because Honie failed to proffer evidence as was his burden. *See Burt v. Titlow,* 571 U.S. 12, 23 (2013) ("It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'").

Finally, Mr. Honie's reliance on *McCoy v. Louisiana,* 138 S. Ct. 1500, 1510 (2018), is misplaced. *McCoy* held that trial counsel may not admit guilt at trial, no matter how well-advised that strategy, "over the client's intransigent objection to that admission." Mr. Honie has not presented any evidence that (1) he objected to the concession-of-guilt strategy or (2)

counsel did not explain that strategy to him in the first place. It should also be noted that Honie has not even alleged, much less demonstrated, that *McCoy* would be retroactive under *Teague v. Lane,* 489 U.S. 288 (1989).

## B. Claim 4

In Claim 4 of his petition, Mr. Honie argued that trial counsel was ineffective for failing to investigate evidence of aggravated sexual abuse of a child (D.R.), and for introducing alleged admissions by Mr. Honie related to this charge during the penalty phase, despite the fact that the jury did not find this as an aggravating circumstance during the guilt phase of the trial, and despite the fact that Mr. Honie denied he was guilty of this charge. ECF No. 121 at 140-43. As part of this claim, Mr. Honie argued that "[t]rial counsel was ineffective for failing to consult with Mr. Honie about this allegation before admitting his alleged statement during the penalty phase." ECF No. 121 at 140-43.

In his motion to alter or amend, Mr. Honie asserts that this court did not address the second aspect of this claim, that trial counsel failed to consult with Mr. Honie regarding the admission of this aggravating circumstances during the penalty phase of his trial. ECF No. 136 at 7. The problem with this assertion is that the court did address, and reject, the second aspect of claim 4.

The court first stated that Honie "has not even argued that there would be a reasonable probability of a more favorable sentencing outcome without the sexual abuse aggravating circumstance." ECF No. 135 at 42. Trial counsel presented the sex abuse evidence to show Honie's remorse. Honie's failure to allege prejudice from that evidence is fatal to any challenge to the inclusion of the evidence at sentencing. And the evidence was clearly not prejudicial because "the sentencing court 'was prepared to find' independent of his admission that he

5

molested D.R.," and because fairminded jurists could agree that counsel's decision to use the remorse evidence was reasonable. *Id.* Even in this motion, the only prejudice that Honie has come up with is the claim that "had trial counsel consulted with Mr. Honie about this, as he was required to do, Mr. Honie would have vehemently opposed [] this concession at sentiencing." ECF No. 136 at 9.

Honie cites *McCoy v. Louisiana,* 138 S. Ct. 1500 (2018), for the proposition that counsel's admission of guilt over the client's objection is structural error, and that this court's failure to apply *McCoy* to this aspect of the claim constitutes clear error. However, Honie relies on *McCoy* without establishing the critical factual predicate that he intransigently objected to trial counsel's use of the molestation evidence. And as Respondent points out, "*McCoy* was not about 'opportunity to object,' which is Honie's specific complaint, it was about intransigent objections which Honie waited 11 years to make." ECF No. 140 at 8. And as noted above, Honie has not even alleged, much less demonstrated, that *McCoy* would be retroactive under *Teague v. Lane,* 489 U.S. 288 (1989).

This court held, "Honie's argument that his counsel should have questioned him about whether he actually molested Dakota also fails to overcome the double deference standard." ECF. No. 135 at 42. "Counsel knew that Honie admitted to the defense expert that he sexually abused D.R. Honie says that counsel should have asked him whether that was true, but he does not explain why he did not tell counsel that it was not true. In fact, Honie waited 11 years to challenge Dr. Cohn's sworn testimony about his tearful admission." *Id.* Honie has never suggested any reason counsel should have doubted Dr. Cohn's testimony under those circumstances. Under *Strickland*, the reasonableness of counsel's investigation "depends critically" on the information that the client provides. 466 U.S. at 691.

## III.     CONCLUSION

For the above reasons, the court hereby DENIES Respondent's Motion to Alter or Amend (ECF No. 136). The court also DENIES Mr. Honie's request, in the alternative, that the court grant certificates of appealability on Claims 1 and 4.

SO ORDERED this __8th___ day of October, 2019.

BY THE COURT:

s/ Julie A. Robinson__
Judge Julie Robinson
United States District Judge